modified in accordance with this memorandum and, as modified, affirmed without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.

HOWARD M. WITBECK, in Behalf of Himself and Other Taxpayers of the City of Lockport, et al., Appellants, *v.* THE NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY et al., Respondents, and CITY OF LOCKPORT, Appellant.

*Taxpayer's action — public service corporations — taxpayer's action to restrain abrogation and compel performance of contract between power company and transmission company whereby former agreed to deliver to latter electric power at specified rate.*

*Witbeck* v. *Niagara, Lockport & Ontario Power Co.*, 218 App. Div. 377, affirmed.

(Argued February 15, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered December 16, 1926, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at an Equity Term and directing a dismissal of the complaint in a taxpayer's action to have adjudged valid a contract between defendants Niagara, Lockport and Ontario Power Company and International Power and Transmission Company and to restrain the abrogation and compel performance of the said contract by the parties thereto. By the contract the Niagara Company was to sell and deliver to the International Company electric power at a stated price. Plaintiffs claimed that all residents of the city of Lockport using or desiring to use electric power had a beneficial interest in the continued performance of the contract.

*Frank C. Laughlin, Frank Irvine, Abner T. Hopkins, David Tice, George C. Lewis* and *C. L. Nicholls* for plaintiffs, appellants.

Prepared by State Reporter from Appeal Papers

*George W. Riley, Corporation Counsel,* for city of Lockport, appellant.

*Louis L. Babcock* and *Warren Tubbs* for Niagara, Lockport and Ontario Power Company., respondent.

*William L. Ransom, William W. Storrs, Henry R. Frost, Jacob H. Goetz* and *Jeremiah M. Sheehan* for International Power and Transmission Company, et al., respondents.

Judgment affirmed, with costs, on opinion of CROUCH, J., below.

Concur: CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: POUND, J.

---

ROBERT A. BADGER et al., Respondents, *v.* SCOBELL CHEMICAL COMPANY, INC., et al., Appellants.

*Contract — fraud — rescission — corporations — agreement by defendant who with his wife owned entire stock of corporation to reduce holdings and issue new stock for capital to be supplied so as to establish parity of holdings between himself and wife and new stockholders — failure to issue new stock — contract rescinded for fraud.*

*Badger* v. *Scobell Chemical Co., Inc.,* 222 App. Div. 712, affirmed.

(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 3, 1927, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at an Equity Term adjudging that a certain agreement between defendant George W. Scobell on behalf of defendant Scobell Chemical Company, Inc., and plaintiff Robert A. Badger be rescinded for fraud and that upon surrender by plaintiffs of the stock in the corporation paid for by them to the defendants that plaintiffs recover from defendants the amount paid with interest. Defendant Scobell and his wife owned all of the stock of the Scobell Chemical Company. Mr. Scobell, for the company, and Mr. Badger agreed that, if Mr. Badger would procure $15,000 cash capital and become associated in the management, Mr. Scobell would reduce the holdings